IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY LAMAR HAYNES | : | CIVIL ACTION |
| [DX-0057] | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH, et. al. | : | NO. 09-4295 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                      September 9, 2010
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at the State Correctional Institution ["SCI"] at Somerset, Pennsylvania, where he is serving five to ten years imprisonment for two counts of robbery. For the reasons which follow, it is recommended that Mr. Haynes' parole claims be denied and dismissed without an evidentiary hearing because his claim for credit while on parole does not involve a federal constitutional question.[1]

### BACKGROUND[2]

On September 23, 1999, Petitioner pled guilty to two counts of robbery before the Honorable Isaac S. Garb of the Bucks County Court of Common Pleas. He was sentenced to a total term of five to ten years imprisonment. *Commonwealth's Response to Habeas Petition:*

---

[1] In the alternative, as discussed in the text below, Petitioner's habeas claims are not properly before this Court as he has not yet exhausted his state remedies.

[2] The facts in this discussion have been taken from Mr. Haynes' habeas petition, the Commonwealth's response (with exhibits), and numerous letters/statements submitted by Mr. Hayes to this Court. All dates and other factual information are taken from the pleadings and exhibits, and are not disputed unless otherwise noted.

*January 29, 2010 Declaration of Cynthia L. Daub* (Doc. 16-1) - Attachment 1 at p. 6.[3] Mr. Haynes' controlling minimum sentence date was October 28, 2003, and his original controlling maximum sentence was October 28, 2008. *Id.*

On December 8, 2003, Petitioner was released on parole to the Joseph E. Coleman Community Corrections Center in Philadelphia. *Commonwealth's Response: Daub Declaration* - Attachment 2 at pp. 9-10.

By decision dated March 7, 2005, the PBPP recommitted Mr. Haynes as a technical parole violator for leaving the District without permission and for failing to successfully complete the community corrections center program. Petitioner was ordered to serve nine months of backtime. *Commonwealth's Response: Daub Declaration* - Attachment 3 at p. 11.

On February 12, 2007, the PBPP re-paroled Mr. Haynes, this time to Kintcock-Erie Community Corrections Facility in Philadelphia. *Id.* - Attachment 4 at pp. 12-13.

On June 4, 2008, Petitioner was arrested by the Falls Township Police Department and charged with burglary and related offenses. In light of these charges, the PBPP lodged a "Warrant to Commit and Detain" on June 17, 2008. *Id*. - Attachment 5 at pp. 14-15 and Attachment 6 at p. 22.

On August 25, 2008, Mr. Haynes pled guilty to the burglary charges in the Bucks County Court of Common Pleas. *Id.* - Attachment 5 at p. 17.

On October 2, 2008, the PBPP held a revocation hearing at the Bucks County Prison. Mr. Haynes was present and waived his right to counsel. *Id.* - Attachment 7 at pp. 23, 31. A parole

---

[3] Ms. Daub is the Board Secretary of the Pennsylvania Board of Probation and Parole ["PBPP"], and has been employed at the PBPP since May 1985. *Id.* (Doc. 16-1) at p. 1.

agent provided evidence of the new burglary conviction while Petitioner had been on parole. It was noted, without objection by Petitioner, that:

> "The Supervision History describes the offender's adjustment as poor. He had numerous curfew violations. He failed to maintain employment. He repeatedly used illegal drugs. He failed to respond positively to sanctions imposed by supervision staff."

*Id.* at p. 24. By decision dated October 28, 2008, the PBPP recommitted Mr. Haynes as a convicted parole violator to serve 12 months backtime when available, pending sentencing on the Bucks County burglary conviction. *Id.* - Attachment 9 at p. 40.

On October 17, 2008, the PBPP held a violation hearing at the Bucks County Prison. Mr. Haynes was present and again waived his right to counsel. *Id.* - Attachment 8 at pp. 32, 39. Petitioner was charged with multiple technical violations and admitted that he had violated curfew and had failed to maintain employment as required. *Id.* at pp. 32-33. By decision dated December 10, 2008, the PBPP recommitted Mr. Haynes as a technical parole violator to serve his unexpired term concurrently, when available, pending sentencing on the Bucks County burglary conviction. *Id.* - Attachment 10 at p. 41.

On December 15, 2008, Petitioner was sentenced on the Bucks County burglary conviction to a minimum of 11 ½ months to maximum of 23 months imprisonment. *Id.* - Attachment 5 at p. 16.

On May 19, 2009, Petitioner was paroled by the Bucks County Court of Common Pleas to the state detainer, and returned to the custody of the Pennsylvania Department of Corrections. *Id.* at p. 20.

By decision dated June 19, 2009, the PBPP recalculated Mr. Haynes maximum sentence date as March 3, 2012. A review date was scheduled in or after May 2010. *Id.* - Attachment 13 at p. 45.

In a document dated July 1, 2009 (and received by the PBPP on July 8, 2009), Mr. Haynes sought administrative relief, arguing that the PBPP had failed to give him proper credit. According to Petitioner, he was entitled to thirteen months of credit for time spend in the Community Corrections Center. Mr. Haynes asserted that the correct maximum date should be October 3, 2010. *Id.* - Attachment 14 at p. 46.

By decision dated December 7, 2009, the PBPP recalculated Petitioner's parole violation max date as December 4, 2011. *Id.* - Attachment 15 at p. 47. In a December 8, 2009 letter to Mr. Haynes, the PBPP responded to Petitioner's July 1, 2009 request for administrative relief. The PBPP explained that the change in his max date (to December 4, 2011) reflects credit for 90 days when Petitioner was incarcerated soled on the PBPP's detainer from September 18, 2007 through December 17, 2007. With regard to Petitioner's assertion that he was entitled to additional credit for time spent in the Community Corrections Center, the PBPP informed Mr. Haynes that an evidentiary hearing would be scheduled on his claim for 158 days of credit for time spend in the Joseph Coleman Hall Center. *Id.* - Attachment 16 at pp. 48-49.

An evidentiary hearing (a *Cox* hearing) was to be scheduled after Mr. Haynes was released from the restrictive housing unit ["RHU"]. When the Commonwealth filed its response to this habeas petition on January 29, 2010, Mr. Haynes had not yet been released from the RHU. In its response, the Commonwealth argued that habeas relief was not appropriate because Petitioner had not exhausted his state remedies. The PBPP had not yet held a *Cox* hearing to

determine whether he was entitled to additional credit for time spent at the Community Corrections Center. *Commonwealth's Response* at p. 8. In addition, the Commonwealth noted that in order to exhaust available state remedies, if Mr. Haynes was unhappy with forthcoming PBPP decision, he would have to file a timely petition for review of the PBPP's denial of his administrative appeal in the Commonwealth Court before seeking habeas relief. *Id.* The Commonwealth argued, in the alternative, that Mr. Haynes is not entitled to habeas relief because the issue of whether a convicted parole violator is entitled to credit for time spent in a community corrections center is purely an issue of state law. *Id.* at pp. 11-12.

Mr. Haynes has continued to send letters/statements to chambers since the Commonwealth filed its response. He has repeatedly asked for a jury trial and has consistently argued that the PBPP owes him additional credit against his max date for time spent in "halfway houses." *See, e.g, Letter of February 5, 2010* (Doc. 18), *Letter of February 17, 2010* (Doc. 20), and *Letter dated August 16, 2010.* Mr. Haynes asserts that his max date should be October 28, 2010. *Letter of February 5, 2010* (Doc. 18) at p. 2; *Letter Received in Chambers on July 18, 2010.* In addition to credit against his max date, Mr. Haynes is seeking $300,000 "because the Board of Probation and Parole gave me more time to my controlling maximum date by calculation my time and the Board of Probation and Parole did not have the right to calculation - parolee time, as my time!" *Letter of February 17, 2010* (Doc. 20) at p. 2. He also wants either $100/day or $1,000/day (if he has someone who says they would give him a job or an interview) for every day he is in custody past October 28, 2010. *Letter of August 16, 2010.*

Mr. Haynes asks why he has to have an evidentiary hearing with the PBPP before seeking relief in this Court because the PBPP won't give him the relief he wants, and if he has to file an

appeal, he'll be past his max date (as he has calculated it) of October 28, 2010. He requests: "Let's have an evidentiary hearing in Courts!!!" *Letter Received in Chambers on July 18, 2010.*

According to Petitioner's later correspondence, the PBPP held an evidentiary hearing on August 16, 2010. He makes the following representations about the August 16, 2010 *Cox* hearing:

> "Mr. Haynes told the Boards that Mr. Haynes will not be having an evidentiary hearing with the Boards. The Boards just want to talk about Mr. Haynes was at the Joseph Coleman Hall Center for 158 days. Mr. Haynes will not let the Boards make a decision on if Mr. Haynes get credit for 158 days at the Joseph Coleman Hall Center. Mr. Haynes will not let Boards make any decision on Mr. Haynes case No. 4295 [referring to this habeas action]. The Boards in not Honorable Judges in the Courts of law. So, Mr. Haynes would like for a Honorable Judge or a jury trial to make a decision in Mr. Haynes case No. 4295. The Boards do not want to give Mr. Haynes the relief Mr. Haynes requested. Mr. Haynes can show the Courts that Mr. Haynes max date should be 10-28-10. [ . . . ] Mr. Haynes will put in appeal all the way to (Washing DC). Mr. Haynes just want justice in the United States of America. Now, Mr. Haynes justice should be in the Courts of law. The Boards don't want to go to Courts because they will lose in Courts."

*Letter Dated August 24, 2010.*

## DISCUSSION

In this case, there are both procedural and substantive obstacles to habeas relief for Petitioner. While Mr. Haynes would prefer to skip the state administrative process and come directly to federal court in an attempt to secure his release on October 28, 2010, he is not permitted to do so.

Before filing a habeas petition in federal court, state prisoners must first exhaust all available state remedies. *28 U.S.C. §2254( c)*. To properly exhaust a claim challenging a determination by the PBBP, the state prisoner must first seek administrative review with the Parole Board. *See 37 Pa.Code §73.1(a)*. After the PBPP has rendered a final decision, the

petitioner must seek review in the Commonwealth Court, and if parole relief is not granted, he must file a petition for allowance of appeal in the Pennsylvania Supreme Court. All of these requirements must be met before the state prisoner may present his parole claim in federal court. *See Williams v. Wynder,* 232 Fed.Appx. 177, 180 (3d Cir. 2007)("[ . . . ] in matters involving challenges to Parole Board actions, the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court."). A final decision by the PBPP regarding Mr. Haynes' request for credit for time spent in community corrections centers has not been issued, nor has any unfavorable decision been challenged in the Pennsylvania courts, at any level. As such, Mr. Haynes' parole claims do not meet the exhaustion requirements and are not ripe for federal habeas review.

Even if a state petitioner has failed to exhaust state remedies, a federal habeas court may, where appropriate, deny a petition for habeas relief on the merits. *See 28 U.S.C. §2254(b)(2)*("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the application to exhaust the remedies available in the courts of the State.").

Aside from his failure to exhaust (a procedural shortcoming), Mr. Haynes' habeas petition fails on its merits. In this case, Mr. Haynes argues that the PBPP is not giving him proper credit for time during which he was in community corrections centers, and asserts that he should be released on parole on October 28, 2010. Petitioner has not alleged any state conduct by the PBPP which violates "the Constitution or law or treaties of the United States." *See 28 U.S.C. §2254(a).*

Under Pennsylvania law, the PBPP is given discretion to grant, deny and revoke parole, and to recalculate and extend a parole violator's term of incarceration. *See 61 Pa.C.S.A. §6138* (specific powers related to parolees). State law calls for forfeiture of time spent on parole by convicted violators. *See Id. §6138(a)(1) and (2)*. The PBPP's recalculation of Petitioner's max date comports with Pennsylvania statutory requirements. It is well established that Pennsylvania's parole statute is constitutional. *See e.g., Alston v. Diguglielmo,* CA No. 07-cv-2618, 2009 WL 2096214 at *4 (E.D. Pa. July 14, 2009)("[ . . . ] Pennsylvania's parole statute, which is constitutional, authorizes the Board to revoke parole and recalculate [petitioner's] maximum release date.").

"[N]o [federal] constitutional question is involved in the Parole Board's failure to give relator credit for time on parole and its adjustment of the expiration date of his new maximum." *Johnson v. Varano*, Civ. Action No. 1:09-CV-02257, 2010 WL 480672 at * (M. D. Pa. February 4, 2010)(quoting *United States ex rel. Heacock v. Myers,* 367 F.2d 583 (3d Cir. 1966)).

The extension of Mr. Haynes' max date does not implicate a violation of a fundamental federal constitutional right owed to him. Rather, the PBPP's recalculation represents the straightforward application of a constitutionally valid state law to a parole violator. Since nothing in the PBPP's conduct offends the constitution or laws of the United States, Mr. Haynes is not entitled to habeas relief from this court. *See id.* at *9.

## RECOMMENDATION

Consistent with the above, it is recommended that Mr. Hayne's habeas petition, which is limited to a pure state law issue, be denied and dismissed without an evidentiary hearing. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Robert N.C. Nix Federal Building
900 Market Street, Suite 211
Philadelphia, PA   19107

**Chambers of**
**M. FAITH ANGELL**                                P:   (215) 597-6079
United States Magistrate Judge                     F:   (215) 580-2165

*FAX / MAIL COVER SHEET*

**CASE NO.**   09-4295              **DISTRICT COURT JUDGE:** JP
**TODAY'S DATE**: September 9, 2010  **LAW CLERK'S INITIALS**: JJK

**VIA MAIL:**

**NAME**

John C. Manning, Esq.
Pennsylvania Board of Probation and Parole
1101 South Front Street, Suite 5100
Harrisburg, PA   17104-2517


Tony Lamar Haynes
#DX-0057
SCI Somerset
1590 Walters Mill Road
Somerset, PA   15510-0001